IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>        Defendant. | Civil No. 04-3061-HO<br><br>ORDER |

Plaintiff challenges the manner in which timber is designated and marked for harvest, and stream channel buffers are applied and monitored, on timber sales authorized by the Biscuit Fire Recovery Project. The parties filed cross motions for summary judgment. For the reasons that follow, plaintiff lacks standing to assert its timber designation and marking claims; the second amended complaint fails to state a claim under the National Forest Management Act (NFMA) related to defendant's alleged failure to protect stream channel buffers; and defendant

did not commit to pre-harvest monitoring of stream channel buffers before timber harvest, so that post-harvest monitoring does not violate the National Environmental Policy Act (NEPA).

### Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Plaintiff advances three claims under the NFMA, and one claim under the NEPA.[1] NEPA and NFMA claims are reviewable under provisions of the Administrative Procedure Act (APA). A reviewing court must compel agency action unlawfully withheld or unreasonably delayed, and hold unlawful and set aside agency action, findings, and conclusions found to be, <u>inter alia</u>, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in excess of statutory authority or limitations, or short of statutory right, or without observance of procedure required by law. 5 U.S.C. § 706.

APA review ordinarily focuses on the administrative record at the time an agency's decision, not a record created in the reviewing court. <u>Southwest Ctr. for Biological Diversity v. United States Forest Svc.</u>, 100 F.3d 1443, 1450 (9th Cir. 1996). Defendant did not file a designated administrative record, but

---

[1] Plaintiff abandons its fifth claim for relief alleging violation of the NEPA. Pl's Memo. [#81] at 2.

submitted some materials that were before the agency prior to the actions of which plaintiff complains. Plaintiff has not sought to compel defendant to file a designated administrated record and both parties filed documents created during this litigation without objection. As neither party has sought a remand to the agency to develop a more complete record, and a remand does not appear necessary to the court, the court will resolve the pending motions based on the undisputed facts and the limited record before the court. Cf. Florida Power and Light Co. v. Lorion, 470 U.S. 729, 744 (1985) ("[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

I. NFMA Claims

"Agency actions challenged under the NFMA are reviewed to determine if they were arbitrary and capricious, an abuse of discretion, or not in accordance with the law." Neighbors of Cuddy Mountain v. United States Forest Svc., 137 F.3d 1372, 1376 (9th Cir. 1998) (citations omitted).

A. First and Second Claims for Relief

For its first claim, plaintiff alleges that defendant "initially failed to designate and mark, when necessary, trees for harvest by the Biscuit Project," and while defendant changed

3 - ORDER

its behavior, defendant "stated it reserves the right to return to its illegal practices at the Biscuit project."  2nd Amend. Comp., ¶ 40-41 (citing to 5 U.S.C. § 706(2)(A),(C), and (D).  For its second claim, plaintiff alleges that "[p]ersons employed by the purchaser(s) of Biscuit Project timber sales will designate timber for harvest."  Id., ¶ 44.  Both claims allege violation of 16 U.S.C. § 472a(g).[2]  Defendant argues that plaintiff lacks standing to assert these claims, the claims are moot, and the claims lack merit.

To satisfy irreducible constitutional minimum standing requirements, plaintiff must provide evidence setting forth an injury in fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  The first and second claims challenge defendant's compliance with 16 U.S.C. § 472a(g), yet plaintiff's evidence proves injury from salvage logging, not from violation of this statute.  See Wilson Decl., Willis Decl.  Without evidence of harm from violation of the statute beyond that which could be

---

[2]Designation, marking when necessary, and supervision of harvesting of trees, portions of trees, or forest products shall be conducted by persons employed by the Secretary of Agriculture. Such persons shall have no personal interest in the purchase or harvest of such products and shall not be directly or indirectly in the employment of the purchaser thereof.
16 U.S.C. § 472a(g).

4 - ORDER

claimed by every citizen, Article III's standing requirements are not satisfied. <u>Defenders of Wildlife</u>, 504 U.S. at 573-78. Plaintiff fails to meet its burden to prove standing on the first and second claims.

B. Third Claim for Relief

For its third claim, plaintiff alleges that "[d]efendant's failure to protect streamside trees from logging[3] violates the National Forest Management Act and is arbitrary, capricious, and violates procedures required by law." 2nd Amend. Comp., ¶¶ 49. In support of this claim, plaintiff identifies no source of law or statute other than 5 U.S.C. § 1604(i) and 5 U.S.C. § 706(2). Defendant contends that plaintiff's third claim amounts to a non-justiciable challenge to the manner in which lawful provisions of timber sale contracts are implemented.

"[C]ontracts, and other instruments for the use and occupancy of National Forest System lands shall be consistent with the land management plans." 16 U.S.C. § 1604(i). Plaintiff's third claim fails to state a claim for violation of this statute, and therefore fails to allege action without observance of procedure required by law or not in accordance with

---

[3]Although plaintiff refers to the failure to protect trees, plaintiff maintains it is challenging final agency action, and not the failure of defendant's to take required action. Pl's Response at 5; 2nd Amend. Comp., ¶ 49 (citing to 5 U.S.C. § 706(2) (requiring court to hold unlawful and set aside certain actions).

5 - ORDER

law.  There is no allegation that a timber sale contract is inconsistent with a land management plan.  Plaintiff's submissions demonstrate that this claim is premised instead upon tree cutting within stream channel buffers that plaintiff believes violates provisions of the Northwest Forest Plan.  See Pl's Response at 6; Pl's CSMF, Ex. 7-9.  Plaintiff does not point the court to a timber sale contract.  Because the second claim for relief fails to state a claim, the court finds it unnecessary to expand the record to include a contract.

To the extent this claim alleges reviewable arbitrary or capricious final agency action, the evidence demonstrates a factual dispute over matters within the technical expertise of the Forest Service - the identification of stream channels according to guidelines.  See Pl's Exs. 7-8; Def's Memo. in Opp. to Pl's 3rd Motion for TRO/PI, Attachments (Park Decl., ¶ 7; Link Decl., ¶¶ 8-13).  On this record, the court defers to the expertise of the Forest Service.  See Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 375 (1989).

II. NEPA Claim

Actions under NEPA are generally reviewed to determine if the agency observed procedural requirements.  Northcoast Environmental Ctr. v. Glickman, 136 F.3d 660, 665 (9th Cir. 1998).

For its fourth claim, plaintiff alleges that "[d]efendant's

failure to monitor streamside channel protection pursuant to a monitoring schedule that defines the parameters of monitoring violates the National Environmental Policy Act and its implementing regulations, 40 C.F.R. § 1505.3," and "defendant's failures . . . are arbitrary, capricious, and violate procedures required by law." 2nd Amend. Comp., ¶¶ 58-59. Defendant argues that this claim is moot and non-justiciable, and that its monitoring schedule does not violate the NEPA.

If an agency decides to enter into a mitigation measure, Council on Environmental Quality regulations require that the measure be implemented. Tyler v. Cisneros, 136 F.3d 603, 608 (9th Cir. 1998) (citing to 40 C.F.R. § 1505.3).

> Agencies may provide for monitoring to assure that their decisions are carried out and should do so in important cases. Mitigation (§ 1505.2(c)) and other conditions established in the environmental impact statement or during its review and committed as part of the decision shall be implemented by the lead agency or other appropriate consenting agency.

40 C.F.R. § 1505.3. This claim is justiciable with respect to monitoring conditions established in the environmental impact statement or during its review and committed as part of defendant's decisions. The parties dispute whether defendant's April, 2005 monitoring schedule is legally sufficient. The court does not understand defendant's argument that this claim is moot.

Plaintiff argues that defendant's monitoring schedule fails to satisfy commitments undertaken in the Biscuit Project Late

Successional Reserve Record of Decision (LSR ROD) because the former document calls for monitoring "stream buffer effectiveness" after implementation of salvage harvest and winter wet season, and not before. Pl's Memo. at 6-7; Pl's Response at 10; Pl's CSMF ¶¶ 10-11, Exs. 10, 11 (item #14). The Biscuit Project Matrix ROD contains similar provisions. Def's Ex. 5.

The portion of the RODS before the court state in part,

> Monitoring of the Biscuit Fire Recovery Project is designed to accomplish three purposes: (1) to assure that all aspects of the project are implemented as intended; (2) to determine, for certain critical activities, that the effects of the activities are consistent with the intent; and (3) to allow adaptation if it is found that activities are not being implemented correctly or are not having the desired effects.

Pl's Ex. 10; Def's Ex. 5. The RODs then proceed to state required monitoring items that are part of the decision, including, inter alia, "tree designation to ensure compliance with silvicultural prescription and marking guides;" and "implementation of mitigation measures for ESA listed plants and animals." Id.

Explanations in the RODs of the purpose for monitoring do not amount to commitments by defendant, as part of the decisions, to monitor stream channel buffers prior to timber harvest. Nothing in the portions of the RODs before the court indicates that defendant committed to monitoring stream channel buffers prior to harvest as part of the decisions. Further, the record

8 - ORDER

evinces that defendant inspected riparian buffers prior to harvest in a manner that does not violate provisions of the RODs before the court. Link Decl., ¶¶ 5-6. This claim fails on the merits.

Plaintiff lacks standing to pursue its first and second claims; plaintiff's third claim fails to state a claim; and defendant's monitoring schedule does not violate the NEPA, as alleged in plaintiff's fourth claim.

## Conclusion

Based on the foregoing, defendant's motion for summary judgment [#75] is granted; plaintiff's motion for summary judgment [#80] is denied. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this 13th day of October, 2005.

Michael R. Hogan
United States District Judge