IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, | Civil No. 04-3061-HO |
| | ORDER |
| Plaintiff, | |
| v. | |
| UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, | |
| _____Defendant. | |

   Plaintiff filed an application for fees of attorneys and costs under the Equal Access to Justice Act.  The application is denied for the following reasons.

   The court construed plaintiff's motion for temporary restraining order as a motion for preliminary injunction and granted the motion and issued a preliminary injunction because plaintiff raised a serious question as to whether the manner in which the Forest Service proposed to implement its snag retention scheme for timber sale components of the Biscuit Fire Recovery

Project violated provisions of the National Forest Management Act. Order dated August 3, 2004. On the defendant's motion the court vacated the injunction by order dated August 20, 2004. The court subsequently granted the defendant's motion for summary judgment based in part because plaintiff failed to demonstrate standing to assert timber designation and marking claims. The court of appeals vacated and remanded with instructions to dismiss as moot. This court dismissed this action as moot.

In the circumstances of this case, plaintiff is not a prevailing party by virtue of obtaining the short-lived preliminary injunction. See Biodiversity Conservation Alliance v. Stem, 519 F.3d 1226 (10th Cir. 2008). Further, while plaintiff raised a serious question as to whether the proposed method for implementation of the tree retention scheme[1] violated NFMA, defendant's position that it could designate trees according to written criteria provided to the timber sale purchaser without violating 16 U.S.C. § 472a(g)[2] was

---

[1] See plaintiff's exhibits 18, 20 and 22 in support of plaintiffs' motion for preliminary injunction filed July 16, 2004 and July 22, 2004, in Siskiyou Regional Education Project (SREP) v. Goodman, Civ. No. 04-3058-HO (D. Or.).

[2] Designation, marking when necessary, and supervision of harvesting of trees, portions of trees, or forest products shall be conducted by persons employed by the Secretary of Agriculture. Such persons shall have no personal interest in the purchase or harvest of such products and shall not be directly or indirectly in the employment of the purchaser thereof.

2 - ORDER

substantially justified because it could satisfy a reasonable person.  See <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). Plaintiff is not entitled to attorney fees and costs under 28 U.S.C. § 2412.

## Conclusion

Based on the foregoing, plaintiff's application for attorney fees and costs under EAJA [#114] is denied.

IT IS SO ORDERED.

DATED this   10th   day of October, 2008.


                                          s/ Michael R. Hogan
                                       United States District Judge

---

16 U.S.C. § 472a(g).

3 - ORDER